IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| SATELLITE CENTRAL, INC., | |
|---|---|
| Plaintiff, | 8:19CV440 |
| vs. | ORDER |
| COX BUSINESS SERVICES, Inc.; JOSHUA FARRELL, ROBERT NIGH, and COX COMMUNICATIONS, INC., | |
| Defendants. | |

Pending before me is Plaintiff's motion to file a Sur-Reply, with evidence, in opposition to Defendants' motion to dismiss for lack of subject matter jurisdiction. (Filing No. 35). The primary issue raised by the motion to dismiss is whether the amount in controversy exceeds $75,000.

In support of their initial brief, Defendants filed the declaration of Robert Nigh. (Filing No. 23). Plaintiff's responsive brief cites to the allegations in the Amended Complaint, argues that Defendants are construing that pleading too narrowly, and asserts that Nigh's declaration addresses only a portion of the allegations of fraud and tortious interference asserted in the Amended Complaint. (Filing No. 29). Defendants filed a Reply brief, along with Nigh's "declaration in further support of Defendants' Rule 12(b)(l) Motion to Dismiss in the above-referenced action and as a supplement to [his] prior declaration." (Filing No. 32-1). Plaintiff seeks leave to file a Sur-Reply and evidence directly responding to the statements in Nigh's supplemental declaration.

Defendants object, arguing "Satellite's Motion represents nothing more than a request for a 'do over' after reviewing Defendants' rebuttal arguments and

evidentiary materials, and an attempt to get the last word on Defendants' Motion."[1] (Filing No. 37, at CM/ECF p. 1). However, by filing supplemental evidence with their Reply in response to Plaintiff's brief, Defendants also attempted a "do over," therein raising new factual assertions in support of their motion and in response to Plaintiff's brief. Plaintiff's proposed Sur-Reply evidence responds to Nigh's supplemental facts, with associated arguments raised in the Sur-Reply brief.

Bantering by brief slows the march toward case resolution, a result this court does not like or easily condone. But under the circumstances presented, and particularly where the parties are arguing over the fundamental issue of federal subject matter jurisdiction, the court needs to understand the full picture. In this case, the focus of that picture is clarified by Plaintiff's proposed Sur-Reply brief and supporting evidence.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to file a Sur-Reply, (Filing No. 35), is granted.

2) On or before January 27, 2020, Plaintiff shall separately file its Sur-Reply brief and evidence, at which time, Defendants' motion to dismiss will be deemed fully submitted.

Dated this 23rd day of January, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] Of additional note, court rulings are dependent on the strength of the parties' respective legal and factual positions, and not on which party has "the last word."